**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ADEBAYO OMOSANYA OGUNDIPE, | § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. H-11-2387 |
| WELLS FARGO BANK, N.A., *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

Adebayo Omosanya Ogundipe filed this mortgage-foreclosure suit against Wells Fargo Bank, N.A. and the law firm of Barrett Daffin Frappier Turner & Engel, L.L.P. in Texas state court on June 13, 2011. Ogundipe sought to set aside Wells Fargo's foreclosure on residential property he owns in Harris County, Texas. (Docket Entry No. 1, Ex. 2). Ogundipe, who lives in Nigeria and visits Houston occasionally, had purchased the property in August 2007, financing the purchase with a loan from World Savings Bank. (Docket Entry No. 1, Ex. 2, ¶ 13). Ogundipe asserted causes of action for wrongful foreclosure, violation of the Home Affordable Modification Program ("HAMP"), breach of fiduciary duty, violation of the Texas Debt Collection Act, and breach of contract. (Docket Entry No. 1, Ex. 2). Ogundipe successfully moved for an order temporarily restraining further action associated with the foreclosure on his property. Wells Fargo and Barrett Daffin removed on June 24, primarily relying on federal diversity jurisdiction. (Docket Entry No. 1).

Wells Fargo and Barrett Daffin have moved for summary judgment. (Docket Entry Nos. 22, 23). Ogundipe has responded, and Wells Fargo has replied. (Docket Entry Nos. 24, 25). Wells

Fargo also has moved to compel Ogundipe's deposition. (Docket Entry No. 28).

After carefully reviewing the motions and related filings, the record, and the applicable law, this court grants the motions for summary judgment. Wells Fargo's motion to compel is denied as moot. Final judgment is entered by separate order.

The reasons for these rulings are set out below.

**I.  Background**

In his complaint, Ogundipe alleged that it "had been [his] practice to pay his mortgage either online or upon arrival [to the United States], with both World Savings Bank and Wachovia Mortgage until both entities were purchased by Wells Fargo Bank, N.A." (*Id.*). It is undisputed that World Savings Bank changed its name to Wachovia Mortgage, and that Wachovia Mortgage subsequently merged into Wells Fargo. *E.g.*, *Vargas v. Wells Fargo Bank, N.A.*, No. C 12-02008 WHA, 2012 WL 2931220, at *1 (N.D. Cal. July 18, 2012); *Tuck v. Wells Fargo Home Mortg.*, No. C-12-01796 DMR, 2012 WL 2906738, at *1 (N.D. Cal. July 13, 2012).[1]

Wells Fargo and Barrett Daffin presented the following evidence with their summary-judgment motions: the original mortgage note; the deed of trust; the substitute trustee's deed; the notice of intent to foreclose; four identical notices of acceleration and notices of substitute trustee sale; and affidavits from individuals on behalf of Wells Fargo and Barrett Daffin. (*See* Docket Entry No. 22, Exs. A–K; Docket Entry No. 23, Exs. A–J). Wells Fargo also presented the "Consolidated Notes Log" relating to Ogundipe's mortgage, (Docket Entry No. 25, Ex. L), and the affidavit of a

---

[1] Ogundipe does not dispute this chain of events. Instead, he argues that there is no evidence showing that Wells Fargo acquired Ogundipe's mortgage note. (Docket Entry No. 24, ¶ 27). Ogundipe has presented no evidence, however, establishing that Wells Fargo's acquisition of Wachovia Mortgage, which acquired World Savings Bank, did not include all of Wachovia Mortgage's assets, including the note at issue here. And Wells Fargo, as discussed below, has presented ample summary-judgment evidence showing that it does indeed possess the note.

Wells Fargo operations analyst, (Docket Entry No. 26).

Ogundipe presented the following summary-judgment evidence: a letter from Barrett Daffin with a reinstatement quote, which listed Ogundipe's Nigerian telephone number; an affidavit from Ogundipe; a letter from counsel for Ogundipe to Barrett Daffin disputing the foreclosure; the note; and a 1990 letter from the Texas Attorney General to a Texas state representative. (Docket Entry No. 24, Exs. A–F). According to Ogundipe's affidavit, he had been making his mortgage payments "monthly" since August 2007 "without defaulting at any time." (Docket Entry No. 24, Ex. C, at 1). That statement, however, appears inconsistent with the next sentence in the affidavit, in which Ogundipe states that he visited Houston "from time to time" and he "usually pa[id] most of my bills upon arrival." (*Id.*). In any event, Ogundipe stated that, on an unspecified date, he "attempted to access my account online and was denied access." (*Id.*). The affidavit provided no other details, such as when he last attempted to access his account online, how often he attempted unsuccessfully to access his account online, or the dates of those attempts.

Ogundipe stated that he "left Nigeria for Houston to find out what was happening with [his] mortgage and [his] house." (*Id.*). When he arrived in Houston, again on an unspecified date, he found a letter from Barrett Daffin informing him that he was in default and had to pay $9,291.35 by June 6, 2011 to have the loan reinstated. (*Id.*, at 1–2). Ogundipe attached a copy of this letter. (*See* Docket Entry No. 24, Exs. A–B). This letter broke down the payoff amount, which included five outstanding payments and other charges associated with reinstatement. (Docket Entry No. 24, Ex. B). According to Ogundipe, this was the first letter he received: "[he] did not receive any notice of default, acceleration, or notice of foreclosure in the mail." (Docket Entry No. 24, Ex. C, at 2).

Ogundipe stated in his affidavit that he called Wells Fargo and told them he would pay the

3

full amount immediately. "[He] was told that [he] could not pay the money any longer because the property is set for foreclosure the next day." (*Id.*) Ogundipe did not say when this phone conversation took place.

Wells Fargo and Barrett Daffin have presented competent summary-judgment evidence that fills in some gaps in Ogundipe's account. This evidence includes a certified letter dated January 4, 2011, by which Wells Fargo provided Ogundipe with its notice of intent to foreclose. (Docket Entry No. 22, Ex. D, at 1). The notice states that: (1) Ogundipe was in default; (2) the amount due under the note; (3) that the default could be cured by tendering payment in certified funds within 30 days—"on or before February 03, 2011"; and (4) that failure to cure the default by this date would result in acceleration. (*Id.*) Wells Fargo submitted the envelope showing that the letter was sent by certified mail. The U.S. Postal Service returned the letter to Wells Fargo as unclaimed on February 10, 2011. (*Id.*, at 3; *see also* Docket Entry No. 22, Ex. E, ¶ 10). Ogundipe did not cure the default. (Docket Entry No. 22, Ex. E, ¶ 10).

Wells Fargo sent another certified letter, through its foreclosure counsel, providing notice that his note had been accelerated. This letter, dated April 27, 2011 and bearing a certified-letter bar code, informed Ogundipe that the foreclosure sale would occur on June 7, 2011. Wells Fargo sent four of these letters, two to addresses for Adebayo Ogundipe and two to addresses for Olayinka Ogundipe. Each letter bears a certified-mail postmark. (Docket Entry No. 22, Exs. F–I). They "were placed in the mail, postage prepaid[.]" (Docket Entry No. 22, Ex. J, ¶ 6). The Postal Service returned these letters as unclaimed. (*Id.*, ¶ 7).

Wells Fargo kept a "Consolidated Notes Log" for Ogundipe's mortgage. (Docket Entry No. 25, Ex. L). The affidavit of a Wells Fargo operations analyst explains the log. On June 3, 2011—in

advance of Ogundipe's deadline to cure the default, as specified in the April 24 notice-—Ogundipe called Wells Fargo

> 'to see if extension could be given to him to pay past due amount. [Ogundipe] has [reinstatement] quote. Good through June 6, 2011. [Ogundipe] is aware of sale date of 06/07/2011. [Advised Ogundipe] we are not extending time so he can pay. [Advised] amount needs to be paid by 06/06/2011. [Advised Ogundipe] payment needs to be received in by 3 P CST time.' . . .
>
> On June 6, 2011, Wells Fargo spoke with Ogundipe. 'As stated in the Notes, '[Wells Fargo spoke with Ogundipe] verified las[t] 4 [digits] of his [social security number] . . . [Ogundipe] wanted to see if we can [postpone] the sale date. I [advised] he would need to wire the [reinstatement amount] today. No [postponement] of the sale date.'

(Docket Entry No. 26, ¶¶ 8–9 (alterations in original)). Ogundipe did not wire the payoff amount, and the foreclosure occurred on June 7, 2011. (*Id.*, ¶ 10).

On June 13, 2011, Ogundipe filed this lawsuit in Texas state court against Wells Fargo and Barrett Daffin. This summary judgment motion followed.

## II. The Legal Standard for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party

moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2).

**III.     Analysis**

    **A.     Wrongful Foreclosure**

Ogundipe appears to argue that summary judgment on his wrongful-foreclosure claim is inappropriate for two reasons: first, Wells Fargo has not presented sufficient summary-judgment evidence showing that it holds the note (and thus had standing to foreclose). *See* Docket Entry No. 24, ¶¶ 23–28. Second, Wells Fargo has not presented sufficient evidence showing that it provided the statutory notices required to foreclose. *Id.*, ¶¶ 64–65. Both arguments fail as a matter of law.

Ogundipe's first argument is that Wells Fargo "must prove that it holds the note prior to instituting foreclosure." *Plummer v. CitiMortgage, Inc.*, No. 4:11-CV-804-A, 2012 WL 1438211, at *5 (N.D. Tex. Apr. 25, 2012). "Courts in this and neighboring districts have roundly rejected this theory because foreclosure statutes simply do not require possession or production of the original note." *Islamic Ass'n of DeSoto, Tex., Inc. v. Mortg. Elec. Registration Sys., Inc.*, Civ. A. No. 3:12-CV-0613-D, 2012 WL 2196040, at *2 (N.D. Tex. June 15, 2012) (internal quotation marks and alterations omitted) (citing cases) (Fitzwater, C.J.).; *accord, e.g.*, *Plummer*, 2012 WL 1438211, at *5 (citing cases).

Texas law allows the assignee of a note and deed to institute nonjudicial foreclosure proceedings. *See* TEX. PROP. CODE § 51.0001(4)(C) (including "the last person to whom the security interest has been assigned of record" in the definition of "mortgagee"). As this court has previously explained, "A person not identified in a note who is seeking to enforce it as the owner or holder must prove the transfer by which he acquired the note. An issue of material fact on the issue of ownership is presented when there is an unexplained gap in the chain of title." *Bittinger v. Wells Fargo Bank NA*, Civ. A. No. H-10-1745, 2011 WL 5415664, at *8 (S.D. Tex. Nov. 8, 2011) (quoting *Leavings*

*v. Mills*, 175 S.W.3d 307, 309 (Tex. App.—Houston [1st Dist.], no pet. (internal citations omitted)); *accord, e.g.*, *Martin v. New Century Mortg. Co.*, — S.W.3d —, 2012 WL 2529251, at *4 (Tex. App.—Houston [1st Dist.] 2012, no pet. h.). Wells Fargo has presented competent summary-judgment evidence showing that it holds the note. Wells Fargo has presented copies of the original note and deed of trust and the sworn testimony of a Wells Fargo operations analyst that it owns and holds the note. Ogundipe has presented no controverting evidence. *See Martin*, 2012 WL 2529251, at *5 ("The homeowners did not proffer any evidence to controvert the assignment's validity or authenticity."). Moreover, Ogundipe's conduct, described in his own affidavit—attempting to log into his Wells Fargo account to pay his outstanding mortgage amounts, and calling Wells Fargo and offering to pay the outstanding amounts immediately—demonstrates that before this suit, he believed Wells Fargo possessed the note. *See Puig v. Citibank, N.A.*, Civ. A. No. 3:11-CV-0270-L, 2012 WL 1835721, at *7 (N.D. Tex. May 21, 2012). For purposes of summary judgment, Wells Fargo has established that it had standing to foreclose.

Ogundipe's second argument—that Wells Fargo has not presented sufficient evidence that it provided him with the required statutory notices—also lacks merit. Texas law allows mortgage servicers to foreclose on a mortgage loan on behalf of a mortgagee if: (1) the mortgagee and servicer have entered into a servicing agreement for that loan; and (2) the servicer provides "the notices required under Section 51.002(b)[,]" those notices disclose that the servicer represents the mortgagee under a servicing agreement, and those notices disclose either the mortgagee's or servicer's address. TEX. PROP. CODE § 51.0025; *Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10-CV-668, 2011 WL 4431946, at *8 (E.D. Tex. Aug. 30, 2011), *adopted in* 2011 WL 4440170 (E.D. Tex. Sep. 22, 2011). Three notices of the foreclosure sale must be provided 21 days before the sale: a written notice,

which also states the county in which the sale will take place, posted at the courthouse door of the property's county; a copy of that notice filed with the county clerk; and a written notice mailed to the debtor via certified mail. TEX. PROP. CODE § 51.002(b). Before providing these notices, however, the mortgage servicer must provide to the debtor, through certified mail, written notice "stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default[.]" TEX. PROP. CODE § 51.002(d); *Overholt v. Wells Fargo Bank, N.A.*, No. 4:10-CV-618, 2011 WL 4862525, at *5 (E.D. Tex. Sep. 2, 2011), *adopted in* 2011 WL 4862706 (E.D. Tex. Oct. 13, 2011). Notice to the debtor is satisfied so long as the notice is deposited for delivery to the debtor's last known address via certified mail. TEX. PROP. CODE § 51.002(e); *Hill v. Fremont Inv. & Loan*, No. 05-02-01438-CV, 2004 WL 1178607, at *3 (Tex. App.—Dallas May 28, 2004, no pet.) (citing, e.g., *Onwuteaka v. Cohen*, 848 S.W.2d 889, 882 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

Wells Fargo and Barrett Daffin have attached copies of the notice of default and intent to accelerate, as well as the notice of acceleration and foreclosure sale, both sent by certified mail to Ogundipe's last known address and returned as unclaimed by the Postal Service. These notices comply with the statutory requirements for foreclosure. Wells Fargo and Barrett Daffin are entitled to summary judgment on Ogundipe's wrongful-foreclosure claim, whether based on lack of notice or lack of standing.

### B.  Breach of Contract

Ogundipe's breach-of-contract claim rests on his assertion that "Wells Fargo did not provide sufficient notice prior to foreclosing on his home." (Docket Entry No. 24, ¶ 67; *see also* Docket

9

Entry No. 1, Ex. 2, ¶ 34(iii)).  For the reasons just discussed, Wells Fargo properly complied with the Texas Property Code's notice requirements for carrying out a nonjudicial foreclosure.

Ogundipe has also alleged that Wells Fargo breached the note by refusing to accept his offer to pay the outstanding amount on his mortgage.  (*See* Docket Entry No. 1, Ex. 2, ¶¶ 34(ii)–(iii)).  The competent summary-judgment evidence shows that Ogundipe was given such an opportunity to cure his default, but he failed to make the necessary payment within the deadline.  Wells Fargo and Barrett Daffin are entitled to summary judgment on Ogundipe's breach-of-contract claim.

### C.     Texas Debt Collection Act

Ogundipe's cause of action under the Texas Debt Collection Act largely is a restatement of his wrongful-foreclosure claim.  The liability theory alleged in the complaint is that Wells Fargo was not the holder of the note when it instituted foreclosure proceedings on Ogundipe's property.  (Docket Entry No. 1, Ex. 2, ¶¶ 32–33).  In response to the summary judgment motions, Ogundipe also asserts that Wells Fargo violated the Act by failing to provide the required statutory notices.  (Docket Entry No. 24, ¶ 72).  Whether based on a lack-of-standing or a lack-of-notice theory, Ogundipe's Texas Debt Collection Act fails for the reasons discussed above.  Wells Fargo has presented competent summary-judgment evidence—and Ogundipe has presented no controverting evidence—that it is the owner and holder of the note, and the evidence conclusively establishes that Wells Fargo, through Barrett Daffin, provided the proper foreclosure notices under the Texas Property Code.

### D.     Breach of Fiduciary Duty

In his complaint, Ogundipe alleged a cause of action for breach of fiduciary duty based on the defendants' failures to inform him of his possible rights under HAMP and to provide him with

proper notice of default. (Docket Entry No. 1, Ex. 2, ¶ 30(ii)). Wells Fargo has moved for summary judgment on the basis that "Texas law does not recognize a fiduciary relationship between a borrower and a lender." (Docket Entry No. 22, ¶ 110). Ogundipe has not argued in support of his breach-of-fiduciary-duty claim in his response. Even assuming the claim is not abandoned, Wells Fargo correctly notes that "Texas courts have held that the relationship between a borrower and a lender is not a fiduciary one." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (citing cases); *accord Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491–92 (S.D. Tex. 2011) (citing cases). Additionally, Wells Fargo did provide proper notice of default, as explained above. Ogundipe's breach-of-fiduciary-duty claim fails as a matter of law.

### E. HAMP

Ogundipe alleged a cause of action for a purported violation of HAMP by "fail[ing] to offer Plaintiff the HAMP alternative before foreclosing on his homestead property." (Docket Entry No. 1, Ex. 2, ¶ 28). Wells Fargo has moved for summary judgment on this claim, arguing that the case law clearly establishes that there is no private cause of action under HAMP. (*See* Docket Entry No. 22, ¶¶ 101–07). Ogundipe failed to respond to this argument, or otherwise argue in favor of his HAMP claim, in his response. And the law is clear that there is no private cause of action under HAMP. *E.g.*, *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012); *Denley v. Vericrest Fin., Inc.*, Civ. A. No. H-12-992, 2012 WL 2368325, at *2 (S.D. Tex. June 21, 2012) (citing cases); *Thomas v. U.S. Bank Nat'l Ass'n*, — B.R. —, 2012 WL 2367082, at *8 (D.N.J. 2012) (citing cases). Wells Fargo and Barrett Daffin are entitled to summary judgment on this claim as well.

## IV. Conclusion

The defendants' motions for summary judgment, (Docket Entry Nos. 22, 23), are granted. Wells Fargo's motion to compel Ogundipe's deposition, (Docket Entry No. 28), is denied as moot. Final judgment is entered by separate order.

SIGNED on August 6, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge